UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JERRY JANCAR, JR.,

          Plaintiff,

Case No. 2:22-cv-12867

HONORABLE STEPHEN J. MURPHY, III

v.

F. ARTIS, et al.,

          Defendants.

                                    /

## OMNIBUS OPINION AND ORDER

In 1983, Plaintiff John Jerry Jancar, Jr. was found guilty of two counts of second-degree murder and other crimes. ECF 1, PgID 115. Plaintiff was sentenced to 102 to 152 years imprisonment. *Id.* He is imprisoned at the Thumb Correctional Facility in Lapeer, Michigan. *Id.* at 2. After serving thirty-eight years of his sentence, Plaintiff filed a pro se civil rights complaint against four prison officials employed by the Michigan Department of Corrections. *Id.* at 1. Plaintiff also moved for appointment of counsel. ECF 3. And the Court granted his request to proceed in forma pauperis. ECF 5.

Plaintiff alleged that Defendants violated his federal constitutional rights when they (1) refused to correct erroneous information in his prison file, (2) violated his State due process rights, and (3) threatened to restrict his ability to file future grievances. ECF 1, PgID 17–18. Plaintiff sued Defendants in their individual and official capacities for declaratory and injunctive relief. *Id.* at 1, 31–34. For the reasons

1

below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.[1]

## LEGAL STANDARD

Because Plaintiff is proceeding in forma pauperis, the Court must review the complaint under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(2). The Court must dismiss the complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the [C]ourt may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

The Court may dismiss a complaint for failure to state a claim if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). And although the Court must liberally construe a pro se civil rights complaint, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court must not exempt a pro se litigant from the pleading requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

---

[1] Because Defendant is a pro se prisoner, the Court need not hold a hearing to resolve the motion. *See* E.D. Mich. L.R. 7.1(f)(1).

2

**DISCUSSION**

The Court will first address Plaintiff's claim that Defendants failed to correct erroneous information in his prison file. Then, the Court will turn to his claim that Defendants violated his State due process rights. Last, the Court will address Plaintiff's claim that Defendants improperly rejected his grievances and threatened retaliatory action.

I. <u>Failure to Correct</u>

The Court will dismiss Plaintiff's failure-to-correct claim because it would not survive a motion to dismiss. Plaintiff alleged that Defendants refused to expunge erroneous information from his prison file. ECF 1, PgID 17. He contended that "[t]h[e] erroneous information is being used against Plaintiff in violation of his [Fourteenth] Amendment rights." *Id.* Plaintiff also stated that Defendants' failure to act "denied [him] Due Process of Law." *Id.* at 32.

A prisoner has a right to have incorrect information expunged from his prison file. *See Pruett v. Levi*, 622 F.2d 256, 258 (6th Cir. 1980) (recognizing constitutional right to expunge false information from file that results in deprivation of liberty). A Fourteenth Amendment failure-to-expunge claim has three parts: (1) specific information in the plaintiff's prisoner record is false; (2) there is a probability that the information will be relied on in a constitutionally significant manner; and (3) the plaintiff requested that the information be expunged but prison officials refused. *Id.* (citation omitted).

Plaintiff failed to adequately plead the second element of a failure-to-expunge claim. He did not show that the alleged erroneous information, which largely pertained to his education and vocational abilities, affected him in a constitutionally significant manner. *See* ECF 1. Instead, Plaintiff argued that the erroneous information was used to deny him parole. But there is no federal constitutional right to parole. *See Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 11 (1979). And Michigan law does not create a liberty interest in being paroled before the expiration of valid sentence. *See Hurst v. Dep't of Corr. Parole Bd.*, 119 Mich. App. 25, 29 (1982) (holding that State law "creates only a hope of early release" rather than a right to release); *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Because there is no federal or State liberty interest in being paroled, Plaintiff cannot show that the alleged erroneous information in his prison file was relied on to a constitutionally significant degree. Besides which, because there is no federal constitutional right to parole, Plaintiff's claim would fail even if he alleged that State prison officials denied him parole because of erroneous information in his prison file. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny [plaintiff] parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge information considered by parole board because he had no liberty interest in parole). The Court will thus dismiss Plaintiff's first claim.

II. <u>State Law Due Process</u>

4

The Court will dismiss Plaintiff's second claim because § 1983 does not provide a remedy for violations of State law. Plaintiff alleged that Defendants violated his Michigan due process right. ECF 1, PgID 18, 32. But State-law claims may not be brought under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding that claims under § 1983 can be brought only for "deprivation of rights secured by the [C]onstitution and laws of the United States."). Consequently, the Court will dismiss Plaintiff's State-law claims without prejudice. And because the Court will dismiss all of Plaintiff's federal claims, the Court will also decline to exercise supplemental jurisdiction over Plaintiff's State-law claims.

III. Grievances

Last, the Court will dismiss Plaintiff's claim that Defendants improperly ignored his grievances and threatened to retaliate against him. Plaintiff alleged that Defendants improperly rejected his grievances concerning the alleged errors in his prison file. ECF 1, PgID 32–34. Plaintiff also alleged that his grievances "are protected by the First Amendment . . . and Defendants['] actions and inactions were designed and carried out to chill those rights." *Id.* at 33.

The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. But the First Amendment does not require that the government respond to or grant a grievance. *Smith v. Ark. State Hwy. Emps., Local 1315*, 441 U.S. 463, 464–65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government

5

officials to act on or adopt a citizen's views."). And an inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases). The failure to properly respond to a prisoner's grievance "does not constitute active constitutional behavior as required by § 1983, and thus it is not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (cleaned up). The Court will therefore dismiss Plaintiff's claim that the prison did not properly respond to his grievances because Defendants' failure to respond to his grievances does not on its own violate the Constitution, and Plaintiff failed to plead an otherwise cognizable claim. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003).

Plaintiff also alleged that Defendants "attempted to obstruct [his] [First Amendment rights] when [they] threatened" to restrict his access to the grievance system. ECF 1, PgID 18. A retaliation claim has three parts: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc).

But Plaintiff failed to adequately plead his retaliation claim because he did not contend that Defendants took an adverse action against him. *See* ECF 1. Plaintiff stated that Defendants *threatened* to limit his access to the grievance process. *See* ECF 1, PgID 18. But threats alone cannot support a claim of unlawful retaliation. *See*

6

*Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006). The Court will thus dismiss Plaintiff's retaliation claim because a threat alone is not an adverse action and Plaintiff did not adequately plead a retaliation claim.

In sum, the Court will sua sponte dismiss the complaint under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(2). "[D]ismissal under § 1915(e) 'is not a dismissal on the merits, but rather an exercise of the [C]ourt's discretion under the in forma pauperis statute.'" *Davis v. Butler Cnty.*, 658 F. App'x 208, 212 (6th Cir. 2012) (italics removed) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Last, the Court will deny Plaintiff leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to appoint counsel [3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** in forma pauperis status on appeal.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 4, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 4, 2023, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager